FILED
CLERK, U.S. DISTRICT COURT
11/30/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN SCOTT HORTON,<br><br>  Defendant. | CR No. 5:22-cr-00276-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. §§ 1341, 2(a), 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  World Variety Produce, Inc., doing business as Melissa's World Variety Produce, Inc. ("Melissa's"), was a California corporation conducting business in Los Angeles County, and elsewhere.

2.  Beginning no later than January 1, 2000, and continuing through in or around March 2018, Co-schemer One worked for Melissa's as its Management Information Systems Director. Co-schemer One had

the authority to approve vendor invoices from information technology and information systems vendors for services ostensibly provided to Melissa's.

3. On or about February 15, 2000, defendant KEVIN SCOTT HORTON filed a Fictitious Business Name Statement with Ventura County for Creative Network Solutions ("CNS"), and therein defendant HORTON asserted that defendant HORTON was doing business as CNS, that CNS's business was conducted by an individual, and that defendant HORTON had not yet begun to transact business under the name CNS.

4. At the time he filed the Fictitious Business Name Statement for CNS, defendant HORTON had no prior experience with businesses involving information technology or information systems; he had previously worked as a bank vice president and a director of finance and marketing for a commercial financing company.

5. Other than defendant HORTON, CNS had no employees, officers, or directors; it provided no information technology or information systems services (or other services); it had no vendors; it had no client lists; and it had no trade secrets.

B. THE SCHEME TO DEFRAUD

6. Beginning no later than on or about February 15, 2000, and continuing until in or around April 2018, in Los Angeles, Orange, and Ventura Counties, within the Central District of California, and elsewhere, defendant HORTON and Co-schemer One, each aiding and abetting the other, knowingly and with intent to defraud, devised, intended to devise, and participated in a scheme to defraud Melissa's as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

7.  The fraudulent scheme was operated and was carried out, in substance, as follows:

   a.  At Co-schemer One's instruction, defendant HORTON would create approximately one to two fictitious invoices per month, in which CNS would bill Melissa's for services that CNS did not provide.

   b.  Defendant HORTON would provide the CNS invoices to Co-schemer One, who would approve of the invoices, sometimes by signing the invoices, and would provide the approved invoices to Melissa's Chief Financial Officer, who in turn would ensure Melissa's paid CNS for the amounts listed in the invoices.

   c.  Co-schemer One falsely represented to Melissa's Chief Financial Officer and others at Melissa's that CNS provided information technology and information systems services to Melissa's, although Co-Schemer One and defendant HORTON both knew that CNS never provided services to Melissa's or any other company, and that the invoices defendant HORTON submitted to Co-schemer One referenced fictitious services.

   d.  Defendant HORTON and Co-schemer One would cause an employee of Melissa's to send CNS payment in the form of checks sent via U.S. Mail to a P.O. Box registered to CNS, and controlled by defendant HORTON, located in Moorpark, California.

   e.  Defendant HORTON would deposit the checks defendant HORTON received from Melissa's for the fictitious services provided by CNS into a CNS business checking bank account that only defendant HORTON controlled, first an account ending in -239-2 with Washington Mutual Bank, F.A., and later, an account ending in -2392 with JP Morgan Chase Bank, N.A.

    f. Defendant HORTON would provide Co-schemer One a portion of the money paid to CNS by Melissa's in the form of checks sent via U.S. Mail to an address in Irvine, California, and controlled by Co-schemer One.

    g. Co-schemer One would deposit the checks that Co-schemer One received from the CNS business checking bank account into an Orange County Teachers Federal Credit Union -- later called SchoolsFirst Federal Credit Union -- account ending in -0538, controlled by Co-schemer One.

    h. Defendant HORTON and Co-schemer One would cause Melissa's to pay CNS approximately $5,805,504 between in or around February 2000 and in or around April 2018.

C. <u>USE OF THE MAILS</u>

  8. On or about the dates set forth below, in Los Angeles County and Ventura County, within the Central District of California, and elsewhere, defendant HORTON and Co-schemer One, for the purpose of executing the above-described scheme to defraud, willfully caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and knowingly caused to be delivered by mail according to the directions thereon, the following checks, at the following addresses:

| COUNT | DATE | ADDRESS | MAIL MATTER |
| --- | --- | --- | --- |
| ONE | December 7, 2017 | P.O. Box 1135, Moorpark, California 93020 | Check 509943 in the amount of $47,100.00 |
| TWO | January 12, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543653875 in the amount of $32,500.00 |

4

| COUNT | DATE | ADDRESS | MAIL MATTER |
|---|---|---|---|
| THREE | January 12, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543601815 in the amount of $4,035.00 |
| FOUR | January 12, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543601816 in the amount of $37,000.00 |
| FIVE | January 12, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543671126 in the amount of $4,035.00 |
| SIX | January 16, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543759469 in the amount of $40,000.00 |
| SEVEN | January 16, 2018 | 3792 Barranca Pkwy, Ste J 180, Irvine, California 92606 | Check 543770281 in the amount of $4,035.00 |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant HORTON's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. Defendant HORTON, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant HORTON, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant HORTON, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

ELI A. ALCARAZ
Assistant United States Attorney
Riverside Branch Office