LAW OFFICES OF MICHAEL D. KWASIGROCH
MICHAEL D. KWASIGROCH Esq.  Bar No. 134227
1975 Royal Ave Suite 4
Simi Valley, California 93065
(805) 522-1800, fax 805-293-8665
Email: attorneyforlife@aol.com

Attorney for Kevin Horton

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br><br>VS<br><br>Kevin Horton, Defendant | Case no 5:22-cr-00276-MCS USA v. Horton<br><br>OPPOSITION OF DEFENDANT KEVIN HORTON TO MOTION IN LIMINE NO. 2 OF THE GOVERNMENT TO EXCLUDE, DECLARATION OF Michael D. Kwasigroch Esq. IN OPPOSITION<br><br>Final Pretrial conference<br>Date: 4-22-24<br>Time: 3:00 pm<br>Place: courtroom of the Hon. Mark C. Scarsi |

   COMES NOW DEFENDANT, Kevin Horton, and opposes the subject motion (and included sub-motions) to exclude as follows:

The following are listed concurrent with the sub-sections of the subject motion:

**A. Reciprocal Discovery**

The defense has not violated any orders.

The defense has complied with its obligation under Fed. Rules Criminal Procedure 16.

See attached exhibit 1 to the declaration of Michael D. Kwasigroch, counsel for defendant.

The defense has complied with its duties regarding discovery.

Nothing under Fed. Rules Criminal Procedure 16 requires the defense to point out to the government what documents in the government's own possession the defense intends to use a trial, or why, or anything else regarding the government's own file.

The statement that the defense has violated two court orders is insulting, absurd, and simply not true.

The government has been trying to get into the head of the defense, and figure out the defense of strategy from the inception of this matter but that is improper.

There is no statute, no rule, no case law that requires the defense to point out to the government what documents it intends to use out of the government's own file. This would be a clear violation of attorney work product, invasion of trial strategy, and a violation of the defendant's constitutional rights.

And of course, there are numerous exceptions such as impeachment, rebuttal, etc.

**B. Nullification**

This motion is perplexing to the defense.

The Government would seek in this portion of the motion to pre-try the case before any evidence is heard.

The government argues that reporting income to the IRS is irrelevant.

It is an indication of a lack of hiding or secreting income from the alleged victim, indicating a state of mind of innocence. It is evidence, it is probative, it goes towards state of mind or intend, and it is relevant and to exclude it will be prejudicial to the defense. No one is arguing it is a defense to the charges, but it is probative of state of mind.

Next, the argument that the defense should not be able to allege the scheme was all designed or arranged by Rawlings without knowledge of the defendant Mr. Horton is absurd. This, again, goes directly towards knowledge, lack thereof, intent, etc.

Third, the government asks for excluding of "signaling" potential punishment. There is a jury instruction right on point and this part of the motion is completely improper.

**C. Character Witnesses**

The government seeks to, without even knowing witnesses, limit such for character to two only. Once again, this is premature until the defense has made a final decision regarding which witnesses it intends to call.

## Memorandum of Points and Authorities

There is no express authority in the Federal Rules of Evidence (FRE) for motions in limine but they are well recognized in practice and by case law. See <u>Ohler v. United States</u> (2000) 529 US 753, 758, 120 S.Ct. 1851, 1854 & fn. 3

If the court cannot "accurately or sufficiently evaluate the evidentiary submissions, it is necessary to defer ruling until during trial, when the trial

judge can better estimate its impact on the jury." *Henderson v. Wilkie* (7th Cir. 2020) 966 F3d 530, 536 & fns. 26 & 27 (internal quotes omitted)].

Motions in limine are "not the appropriate vehicle for weighing the sufficiency of the evidence." [*Meyer Intellectual Properties Ltd. v. Bodum, Inc.* (Fed. Cir. 2012) 690 F3d 1354, 1378

In limine rulings are not definitive and are not binding on the trial judge, who may always change the rulings based on the evidence presented at trial. *Ohler v. United States* (2000) 529 US 753, 758, 120 S.Ct. 1851, 1854, fn. 3

Thus, an objection may be raised (or the evidence may be offered) at trial even if it falls within the scope of the court's in limine ruling. See *United States v. Connelly* (7th Cir. 1989) 874 F2d 412, 416]

The court is asked to simply deny these motions as they are improper and an attempt to micromanage the defense evidence and to exclude otherwise relevant evidence. Once again, in the alternative, the court is asked to defer ruling on these motions until the evidence develops at trial.

Date: 4-15-24

Respectfully Submitted:

[signature]

Michael Kwasigroch

Attorney for Defendant Kevin Horton

//
//
//
//

Declaration Of Michael D. Kwasigroch Esq.:     I, Michael D. Kwasigroch Esq., Declare the Following: that I am an adult, fully competent to testify in all the courts of the state of California. All facts stated herein are personally known to me, and if called and sworn as a witness I would testify to the truth of the same under oath.

1. I complied with the discovery duties of this court on 11-14-23 as per the attached exhibit 1.
2. This court never ordered that I had to provide bates stamped numbers of documents in the possession of the Government. That would be an invasion of trial strategy and trial preparation work product.
3. Nothing in Fed. Rule Criminal Procedure requires the defense to tell the Government what in their own documents the defense intends to use.

I declare under penalty of perjury under the laws of the state of California United States of America that the foregoing is true and correct and that this declaration was executed on date: 4-15-24

Date: 4-15-24

Respectfully Submitted:

*[signature]*

Michael Kwasigroch

Attorney for Defendant Kevin Horton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

**From:** Michael Kwasigroch attorneyforlife@aol.com
**Subject:** Discovery from defense Re: Horton: 5:22-cr-00276-MCS
**Date:** November 14, 2023 at 1:43 PM
**To:** Stimson, Kelsey (USACAC) Kelsey.Stimson@usdoj.gov
**Cc:** Alcaraz, Eli (USACAC) Eli.Alcaraz@usdoj.gov



Per our discussions, I do not believe the court made a formal order about the deadline for discovery from defense. We discussed it but there is no formal order. Per FRcrimP 17.1 and FRCP applied to proceedings requiring a separate order, the court's scheduling order take precedence.

But regardless, and in good faith, I respond to your request to have discovery this date (11-14-23) as follows:

FR crim P 16 states:

"…(b) DEFENDANT'S DISCLOSURE.

(1) *Information Subject to Disclosure.*

(A) *Documents and Objects*. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

(B) *Reports of Examinations and Tests*. If a defendant requests disclosure under Rule Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

(C) *Expert Witnesses*.

(i) Duty to Disclose. At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in- chief at

of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial, if:

- the defendant requests disclosure under (a)(1)(G) and the government complies; or
- the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

(ii) Time to Disclose. The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures. The time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

(iv) Information Previously Disclosed. If the defendant previously provided a report under (B) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

(v) Signing the Disclosure. The witness must approve and sign the disclosure, unless the defendant:

- states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts; or
- has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

(iv) Supplementing and Correcting a Disclosure. The defendant must supplement or correct the defendant's disclosures in accordance with (c).

(2) *Information Not Subject to Disclosure*. Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:

(A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or

    (B) a statement made to the defendant, or the defendant's attorney or agent, by:

        (i) the defendant;

        (ii) a government or defense witness; or

        (iii) a prospective government or defense witness.

(c) CONTINUING DUTY TO DISCLOSE. A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if:

    (1) the evidence or material is subject to discovery or inspection under this rule; and

    (2) the other party previously requested, or the court ordered, its production.

    You have stated you have the entire civil case. At this time I have no documents other than what were already included in the civil case that we intend to use, including my client's tax returns, that were part of the evidence and exhibits from the civil trial. I am confident you have all of that as you have represented, and regardless, it is public record as part or the civil court file.

    Pursuant to the foregoing, I have nothing new to disclose.

    I am aware of the continuing duty and if I come into possession of anything that qualifies under the above code as subject to discovery it will be sent forthwith.

    Thank you for your continued courtesy.

MDK
LAW OFFICES OF MICHAELD. KWASIGROCH Esq. 1975 Royal Ave #4 Simi Valley CA 93065 p.805-522-1800 f.805-293-8665 attorneyforlife@aol.com This electronic communication contains information that may be confidential or privileged. The information is intended solely for the intended recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited and may be a violation of applicable State and Federal laws. If you have received this electronic transmission in error, please notify us immediately by telephone (1-805-522-1800) or by electronic mail (attorneyforlife@aol.com) and destroy the original transmission and its attachments without reading, viewing or saving them to disk or hard drive or any other device. Thank you.

DECLARATION OF SERVICE BY MAIL and as otherwise indicated
STATE OF CALIFORNIA, COUNTY OF VENTURA
I hereby declare that I am employed in the County of Ventura, State of California. I am over the age of 18, and not a party to the within action. My business address is 1975 Royal Ave #4 Simi Valley CA 93065
On ----   4-15-24   ----   I caused the foregoing document
---- OPPOSITION OF DEFENDANT KEVIN HORTON TO MOTION IN LIMINE NO. 2 OF THE GOVERNMENT to exclude

To be served as follows:

To:

_____By mail, I placed the document or documents in a sealed envelope with postage prepaid, I am readily familiar with this firm's business practice for collection and processing of correspondence and documents for mailing with the United States Postal Service. I caused this document to be served placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence and documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

___xx_____   OTHER: _____ email service Eli.Alcaraz@usdoj.gov, Kelsey.Stimson@usdoj.gov,Haoxiaohan.Cai@usdoj.gov

Executed on ---   4-15-24   ----   at Simi Valley, California.
I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

_____
Michael D. Kwasigroch