LAW OFFICES OF MICHAEL D. KWASIGROCH
MICHAEL D. KWASIGROCH Esq.  Bar No. 134227
1975 Royal Ave Suite 4
Simi Valley, California 93065
(805) 522-1800, fax 805-293-8665
Email: attorneyforlife@aol.com

Attorney for Kevin Horton

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America | Case no 5:22-cr-00276-MCS USA v. Horton |
| VS | MOTION TO LIMIT EVIDENCE (IN LIMINE) NO. 4 OF DEFENDANT KEVIN HORTON TO EXCLUDE ANY TESTIMONY BY A PURPORTED "FBI FORENSIC ACCOUNTANT"; REQUEST FOR THE COURT TO REQUIRE AN OFFER OF PROOF FROM THE GOVERNMENT |
| Kevin Horton, Defendant | |
| | Final Pretrial conference Date: 5-9-24 Time: pm 8:30 am Place: courtroom of the Hon. Mark C. Scarsi |

Comes now Defendant and moves the court to exclude any testimony by an FBI forensic accountant and this motion is made on several grounds:

1. Notice was not given, and a summary of the witness's testimony was never given by this court's disclosure deadline in November of 2023, and certainly not two weeks before trial. This violates Fed Rule Crim Proc 16 (a)(1)(G) requiring "*a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, ….the bases and reasons for them…the witness's qualifications, including a list of all publications authored in the previous 10 years; and….a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.*" Fed Rule Crim Proc 16 (a)(1)(G)(iii). And the witness is required to sign the disclosures which was not done also. This court ordered disclosure in its standing pretrial order by a date certain and as admitted by the Government attorney Ms. Cai, on the record on May 8, 2024, the Government does not believe the witness is an expert. Such testimony is by definition expert testimony and disclosure **was** required.

2. The testimony is irrelevant. It relates to expenditures by Defendant out of his account that are irrelevant. This is a mail fraud case. It is irrelevant what he did with the money. This is not an accounting case, not a tax fraud case, and that Mr. Horton spent money on flowers, tithes to his church or for gas or car payments is irrelevant. FRE 401.

3. The testimony is cumulative and more prejudicial than probative under FRE 403. The jury has already heard the testimony of Lee Zeller including the exhibits calculating the total amount paid to CNS of approximately $5,800,000 why do we need to hear this testimony again?

To present it to the jury twice is over emphasis and highly prejudicial to the defendant under FRE 403.

"Forensic accountants are financial experts who specialize in analyzing, interpreting, and presenting complex financial information. They play a crucial role in legal proceedings involving business finances or cases requiring further financial data analysis." https://www.thomasneches.com/the-role-of-expert-witnesses-in-legal-proceedings/#:~:text=Forensic%20accountants%20are%20financial%20experts,requiring%20further%20financial%20data%20analysis.

Rule 702 has been amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to the many cases applying *Daubert*, including *Kumho Tire Co. v. Carmichael,* 119 S.Ct. 1167 (1999). In *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based in science.

The proposed testimony requires "technical" knowledge that the expert clearly intends to rely on. This fall squarely under FRE 702 and is expert testimony.

An expert generally may not testify beyond the scope of the pretrial report. [See FRCP 37(c)(1); *Licciardi v. TIG Ins. Group* (1st Cir. 1998) 140 F3d 357, 363-364]. The cited case is a civil case, but this court's standing pretrial order required disclosures by a date certain. No disclosure was made. Further, this court's standing order states that all civil rules are incorporated into the order and no disclosure was made under FRCP 16 or 26 either.

As no disclosures were made, the defense has been severely prejudiced and this testimony cannot be presented.

The testimony is also irrelevant.

FRE 401 states:

"Evidence is relevant if:

**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and

**(b)** the fact is of consequence in determining the action."

What Mr. Horton did with the money is irrelevant.

The testimony should be excluded under FRE 403 as cumulative and more prejudicial than probative.

Mr. Lee Zeller was allowed to testify to the produce pro calculations and they are in evidence. The purported witness can add nothing but prejudice beyond probative value by repeating calculations.

The court is requested to exclude the testimony based upon all above grounds.

Date: 5-9-24

Respectfully Submitted:

Michael Kwasigroch

Attorney for Defendant Kevin Horton

DECLARATION OF SERVICE BY MAIL and as otherwise indicated
STATE OF CALIFORNIA, COUNTY OF VENTURA
I hereby declare that I am employed in the County of Ventura, State of California. I am over the age of 18, and not a party to the within action. My business address is 1975 Royal Ave #4 Simi Valley CA 93065
On ----       5-9-24            ----       I caused the foregoing document
---- MOTION TO LIMIT EVIDENCE (IN LIMINE) NO. 4 OF DEFENDANT KEVIN HORTON
To be served as follows:

To:

_____By mail, I placed the document or documents in a sealed envelope with postage prepaid, I am readily familiar with this firm's business practice for collection and processing of correspondence and documents for mailing with the United States Postal Service. I caused this document to be served placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence and documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

___xx_____    OTHER: _____ email service Eli.Alcaraz@usdoj.gov, Kelsey.Stimson@usdoj.gov,Haoxiaohan.Cai@usdoj.gov

Executed on ---   5-9-24          ----     at Simi Valley, California.
I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

_____
Michael D. Kwasigroch