UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>             Plaintiff,<br><br>     v.<br><br>KEVIN HORTON,<br><br>             Defendant. | Case No. 5:22-cr-00276-MCS-1<br><br>**ORDER RE: MOTION FOR ACQUITTAL (ECF NO. 98)** |

    Defendant Kevin Horton moves for acquittal based on lack of evidence or, in the alternative, a new trial. (Mot., ECF No. 98.) The Government opposes, (Opp'n, ECF No. 108), and Defendant filed a reply, (Reply, ECF No. 116). At the hearing set for sentencing and the post-trial motions, the Court deemed the motion appropriate for decision without oral argument. (Mins., ECF No. 123.)

**I.    BACKGROUND**

    The Government indicted Defendant on seven counts of mail fraud in violation of 18 U.S.C. § 1341 for a multi-year scheme to defraud victim Melissa's World Variety

Produce, Inc. (Indictment, ECF No. 1.) Generally, the Government charged Defendant with defrauding Melissa's out of $5.8 million, with assistance of co-schemer Tony Rawlings,[1] by submitting fraudulent invoices for information technology services that were never provided. (Trial Mem. 1, ECF No. 67.)

The Court held a nine-day jury trial starting on April 30, 2024. (*See* Trial Mins., ECF Nos. 73–74, 76–78, 83–84, 88, 90.) The jury returned a verdict of guilty on all counts on May 13, 2024. (*See* Redacted Jury Verdict, ECF No. 94.) The Court sentenced Defendant to 27 months in custody. (Judgment, ECF No. 124.)

## II.    LEGAL STANDARDS

Federal Rule of Criminal Procedure 29 provides that, after a jury verdict, a "court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "Courts reviewing a motion for judgment of acquittal under Rule 29(c) apply the same test as they do in evaluating a challenge to the sufficiency of the evidence." *United States v. Richardson*, No. 8:19-CR-00182-CAS, 2021 WL 4459363, at *1 (C.D. Cal. Sept. 29, 2021) (citing *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir. 1988)). When considering a Rule 29 motion, a court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000). "First, a reviewing court must consider the evidence presented at trial in the light more favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). "Second, . . . the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The hurdle to overturn a jury's conviction based on a

---

[1] Rawlings was charged in a separate case. *See United States v. Rawlings*, No. 2:22-cr-283-FMO (C.D. Cal. June 29, 2022).

sufficiency of the evidence challenge is high." *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010). "[A]ny conflicts in the evidence are to be resolved in favor of the jury's verdict." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir. 2000).

Under Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial is "directed to the discretion of the district judge" and "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks omitted).

### III. DISCUSSION

Defendant substantially challenges the verdict on two grounds: (1) that the evidence does not show that the use of mails was part of the charged fraudulent scheme, (Mot. 4–6); and (2) that the Court's denial of questioning and argument about

/ / /

co-schemer Tony Rawlings's statements was error, (*id.* at 6–8.)[2] The Court considers each argument in turn.

### A. Use of Mails

Defendant argues that the evidence does not show that the use of mails was an essential element of the fraudulent scheme because the mailings occurred after the fraud had been completed. (Mot. 4.)

"The federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law." *Schmuck v. United States*, 489 U.S. 705, 710 (1989) (quoting *Kann v. United States*, 323 U.S. 88, 95 (1944)). "To be part of the execution of the fraud, however, the use of mails need not

---

[2] Defendant also raises arguments related to (1) the "deliberate ignorance" and "knowingly" jury instructions and (2) disallowing argument regarding Defendant's tax returns, but he does not offer argument related to those issues. (Mot. 2. *See generally id.* at 3–8.) As such, these challenges are waived. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." (citing *United States v. Williamson*, 429 F.3d 1125, 1138 (9th Cir. 2006)). That said, as to the first issue, the Court's "deliberate ignorance" instruction was based on the Ninth Circuit's model jury instruction and Ninth Circuit precedent, *see Ninth Circuit Model Criminal Jury Instructions* No. 4.9; *United States v. Heredia*, 483 F.3d 913, 917–18 (9th Cir. 2007), and there was evidence at trial from which a jury could "rationally find willful blindness even though it has rejected the government's evidence of actual knowledge," *Heredia*, 483 F.3d at 922; for example, the jury could find the requisite state of mind from evidence of Defendant's statements to the victim as the victim discovered the scheme. Similarly, the Court's "knowingly" instruction was based on the Ninth Circuit's model jury instruction. *See Ninth Circuit Model Criminal Jury Instructions* No. 4.8. And as to the second issue, the tax returns were never admitted into evidence and, as such, were properly excluded from closing argument. *See Draper v. Rosario*, 836 F.3d 1072, 1084 (9th Cir. 2016) ("[O]ur prior case law indicates that attorneys may not rely on evidence outside the record during closing argument . . . .").

be an essential element of the scheme." *Id.* (citing *Pereira v. United States*, 347 U.S. 1, 8 (1954)). "It is sufficient for the mailing to be incident to an essential part of the scheme or a step in the plot." *Id.* (cleaned up).

Defendant relies primarily on *Schmuck*, but that case illustrates why the mail fraud charges are appropriate here. In *Schmuck*, the Supreme Court upheld mail fraud convictions against a used car salesman who tampered with car odometers to make them appear lower. *Id.* at 711. He then sold these cars to innocent dealers who would then sell them to buyers who decided to buy these cars in part on the low mileages displayed on the tampered odometers. *Id.*

The Government charged mail fraud based on the innocent dealers' mailings of title-application forms to the Wisconsin Department of Transportation on behalf of their customers. *Id.* at 707. "The receipt of a Wisconsin title was a prerequisite for completing the resale; without it, the dealer could not transfer title to the customer and the customer could not obtain Wisconsin tags." *Id.* The defendant argued that the mailings were "routine and innocent in and of [themselves], and that, far from furthering the execution of the fraud, occur[ed] after the fraud has come to fruition . . . ." *Id.* at 711.

The Supreme Court rejected that argument, noting that the mailings were essential because the fraud "was not a 'one-shot' operation." *Id.* Rather, it "was an ongoing fraudulent venture. A rational jury could have concluded that the success of Schmuck's venture depended upon his continued harmonious relations with, and good reputation among, retail dealers, which in turn required the smooth flow of cars from the dealer to their Wisconsin customers." *Id.* at 711–12. So too here. A rational jury could have concluded that the mailings charged in counts two to seven were part of an ongoing fraudulent venture that depended on Defendant's relationship with Rawlings.

*Kann*, on which Defendant also relies, is distinguishable. In that case, the defendants set up a dummy corporation to divert profits to themselves. *Schmuck*, 489 U.S. at 712–13 (discussing *Kann*). As part of the scheme, the defendants caused the dummy corporation to issue two checks payable to them. *Id.* at 713. "The defendants

5

cashed these checks at local banks, which then mailed the checks to the drawee banks for collection." *Id.* The Supreme Court reversed the convictions, holding that "'[i]t was immaterial to them, or to any consummation of the scheme, how the bank which paid or credited the check would collect from the drawee bank.'" *Id.* (quoting *Kann*, 323 U.S. at 94). But here, as the Government notes, there is evidence that it was material to Defendant and Rawlings that Defendant received his portion of the fraud's proceeds by mail to his home and that it was critical to the scheme that the victim never met Defendant in person and instead mailed money to the Defendant. *Parr v. United States*, 363 U.S. 370 (1960), and *United States v. Maze*, 414 U.S. 395 (1974), which "involved little more than post-fraud accounting among the potential victims of the various schemes," are even less applicable. *Schmuck*, 489 U.S. at 714. As such, the Court rejects this basis of Defendant's motion.

### B. Rawlings's Statements

Defendant also argues that the Court's limitations of the scope of case agent Stephen Harrison's cross-examination to exclude Rawlings's statements demand an acquittal or new trial. (Mot. 6–8.)

The Court excluded cross-examination on Rawlings's out-of-court statements subject to Federal Rule of Evidence 403 in part because of an issue created by the Confrontation Clause, especially given that neither party chose to call Rawlings as a witness. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] misleading the jury." The Court presumes that Defendant desired to elicit testimony that Rawlings told Harrison in an interview that Defendant did not know that the IT services company was a fraud. The Government proffers that, if that had happened, the Government would have asked Harrison about Rawlings's other statements inculpating Defendant, which took place in the same interview and as part of a plea agreement, under the rule of completeness. (Opp'n 14–16); *see* Fed. R. Evid. 106. The rule of

completeness would have allowed these statements in over a hearsay objection. Fed. R. Evid. 106. But the Confrontation Clause of the Sixth Amendment would have prevented these statements from coming in because "the government must produce at trial any witnesses who have offered testimonial evidence against the accused." *United States v. Shayota*, 934 F.3d 1049, 1051 (9th Cir. 2019). As such, allowing Rawlings' cherry-picked statements presented a danger of unfair prejudice and misleading the jury, which substantially outweighed their probative value.

Thus, the Court rejects this basis of Defendant's motion.

## IV. CONCLUSION

For the reasons stated above, the Court denies Defendant's motion for acquittal or, in the alternative, for a new trial.

**IT IS SO ORDERED.**

Dated: September 16, 2024

                                          MARK C. SCARSI
                                          UNITED STATES DISTRICT JUDGE